## IN RE APPEAL OF DENTON.

### PATENTS; REISSUE.

1. The reissue of a patent will not be granted if the claim sought to be incorporated in it was substantially made in the original application, or in the course of the proceedings thereon, and was subsequently abandoned and the patent taken for another claim.

2. The term "garment" includes the term "gown;" so that where an abandoned claim in an original application was for a "sleeping-garment," and the claim in an application for a reissue reads "In a garment, a gown adapted," etc., the claim sought by reissue, although not as broad as the original claim, is included in it, and the application for reissue is properly rejected.

Patent Appeals. No. 89. Submitted March 14, 1898. Decided April 4, 1898.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for reissue of a patent.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Fred L. Chappell* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents refusing to the appellant the reissue of a patent granted for an improvement in sleeping-garments, which reissue was sought in order to cover a broader claim than that contained in the specification annexed to the patent.

It appears from the record that on March 29, 1895, the appellant applied to the Patent Office for letters-patent for an alleged improvement in sleeping-garments which he claimed to have devised, and which consisted in the attachment of pockets to the lower portion of such garments for the insertion therein of the feet of the wearer, so as to insure

them against accidental uncovering of the bedclothes, and also their protection in the event that the person had occasion to leave the bed and to walk about the room or house. The invention contemplated the use of the device upon two classes of garments—the gown and the bifurcated garment composed of a combination of the night-shirt and night-drawers—and the original specification filed with the application contained six claims, which seem substantially to have been no more than six different ways of stating the same invention. Subsequently the applicant abandoned the claim with reference to the combination-garment, in view of the fact that in this he had been anticipated by a previous patent issued to a previous inventor. In fact, by repeated modifications and emendations all the original claims were abandoned and others, reduced in number, were substituted in their place. Finally the specification was reduced to one claim, and for this a patent was allowed and issued to the applicant on July 2, 1895. This claim is in the following terms:

"A sleeping-garment consisting of a gown extending from the neck to the feet of the wearer and having its lower portion provided with vertical slits forming a front and rear flap, and a pocket for one of the feet secured on the inside of each flap near said slits as set forth and shown."

The function of the slits, it may be noted, was for the purpose of securing freedom and facility of locomotion, as otherwise it would be as if one were encased in a bag.

By an instrument of writing, without date, but recorded in the Patent Office on October 2, 1896, the patentee assigned his rights under the patent to a company of which he was himself the principal stockholder. Subsequently, on October 14, 1896, acting on behalf of his company, he made an application to the Patent Office for leave to surrender the patent, and for its reissue to him with modifications. The proposed modifications were to the effect that in addition to the claim in the specification annexed to the patent, there

should be a second claim inserted of a broader and more comprehensive character, which was stated to be comprised in the invention, but to have been omitted from the specification through inadvertence and mistake on the part of the applicant, and which was in the following terms, as set forth with the application for reissue:

"In a garment a gown adapted to extend to the feet of the wearer with foot-pockets secured to the bottom thereof and opening toward the inside of said gown, for the purpose specified."

The substantial difference between this claim and that contained in the specification annexed to the patent, as will be noted, consists in this, that while the latter limits the invention to garments containing slits at the bottom the claim now proposed has no such limitation; and it is said that the invention itself has, in fact, no such limitation. It seems to have been discovered that the slits were not an essential element of the garment, and it may be presumed that the applicant's patent had been evaded by the construction of garments without the slits.

With the application for reissue was filed an affidavit by Denton to the effect that the patent was invalid and inoperative by reason of the defective specification, and that the error arose through inadvertence and mistake on the part of the applicant, without any fraudulent intention on his part, such error having been occasioned by the applicant's illness, ultimately resulting in his death, as appears from the record, on account of which he failed to communicate to his attorney the fact that the improvement was applicable to other garments than those having slits at the bottom, and there were other affidavits also in support of the application intended to support the theory of the applicant's inadvertence, and to account for the delay in the application.

The application for reissue was rejected by all the tribunals of the Patent Office, and from the final decision of the Commissioner appeal has been taken to this court.

The controversy before us has been greatly narrowed by the elimination of several of the questions that were raised in the Patent Office. It is conceded on behalf of the appellant that all reasonable care was exercised in the prosecution of the application for a patent, and it is conceded that there was no inadvertence or mistake or error of any kind on the part of the applicant, if substantially the same claim now made was included in the original application. The theory of the Patent Office is, that there could have been no inadvertence or mistake if such claim had, in fact, been made and had subsequently been abandoned or withdrawn, and that the withdrawal or abandonment, even though improvidently done, must be regarded as an error of judgment, which would constitute no ground in law for a reissue of the patent. There is no controversy between the parties as to the law. It is conceded that the reissue of the patent should not be granted if the claim now sought to be incorporated in it was substantially made in the original application for the patent, or in the course of the proceedings thereupon, and was subsequently abandoned, and the patent taken for the only claim contained in it. The appellant contends that no such claim was advanced or abandoned, and to the determination of this question the controversy has been reduced. In fact, the controversy may be regarded as being still further narrowed by the parties, for it is conceded—a concession of course made necessary by the record—that there were in the original specification two claims apparently broad enough to cover that which is now contended for. These are the following:

" A sleeping-garment having pockets in the lower portion thereof for the feet, as set forth and shown.

" A sleeping-garment extended from the neck to the feet of the wearer and provided with sleeves and with socks formed partly of blanks sewed to the lower ends of the garment, as set forth."

It is claimed on behalf of the appellant that the Patent

Office virtually substitutes the word· *gown* for the word *garment* in these two claims, and that it is error so to do. So that in the ultimate analysis of the controversy the question to be determined is, whether a claim for a "*garment* having pockets in the lower portion thereof for the feet," covers and includes a claim for "a *gown* having pockets in the lower portion thereof for the feet;" and to our minds the answer to the question does not seem difficult. The term *garment* includes the term *gown*. This appears conclusively from the very claim now sought to be established. The express words of it are, "In a garment, a gown adapted," etc. The claim originally made by the applicant is broader than that now made, but it includes this claim, and it is well-settled law that reissue can not be allowed for the restoration of claims once rejected and withdrawn. The authorities are unanimous on this point, and need not here be cited.

That the claim sought in the reissue is not as broad as the original claim, is of no consequence. It was included in it. When the applicant amended and limited that original claim, if he limited it to a greater extent than was necessary, such extreme limitation may have been a mistake of judgment; but it was certainly an abandonment of all that was contained in the original claim and which was not contained in the subsequent amendment. There can be no middle ground. There can be no retrogression to take back part of what has been abandoned any more than to take back the whole.

It may be that it was a mistake on the part of the applicant to limit the invention to the extent only of the claim contained in the specification annexed to the patent; but with this, of course, we have nothing to do here. The only question for us is, whether the claim now put forward on his behalf was so far contained in his original claims that were abandoned by him as to be itself thereby necessarily abandoned. And this we must answer in the affirmative; for the abandonment of the whole necessarily implies and in-

volves the abandonment of all the parts except such as are expressly and specifically retained.

Being of this opinion, we are constrained to *affirm* the decision of the Commissioner of Patents in the premises.

This opinion and the proceedings in the cause in this court will be certified to the Commissioner for record in his office, according to law.